UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| BRICKLAYERS & ALLIED CRAFTWORKERS LOCAL 1 OF PA/DE<br>2706 Black Lake Place<br>Philadelphia, PA 19154<br><br>and<br><br>TRUSTEES OF BRICKLAYERS & ALLIED CRAFTWORKERS LOCAL 1 OF PA/DE HEALTH & WELFARE FUND<br>2704 Black Lake Place<br>Philadelphia, PA 19154<br><br>and<br><br>TRUSTEES OF BRICKLAYERS & ALLIED CRAFTWORKERS LOCAL 1 OF PA/DE JOINT APPRENTICES & TRAINING FUND<br>2704 Black Lake Place<br>Philadelphia, PA 19154<br><br>and<br><br>TRUSTEES OF BRICKLAYERS & ALLIED CRAFTWORKERS LOCAL 1 OF PA/DE VACATION FUND<br>2704 Black Lake Place<br>Philadelphia, PA 19154<br><br>and<br><br>TRUSTEES OF BRICKLAYERS & ALLIED CRAFTWORKERS LOCAL 1 OF PA/DE ANNUITY FUND<br>2704 Black Lake Place<br>Philadelphia, PA 19154<br><br>and<br><br>TRUSTEES OF BRICKLAYERS & ALLIED CRAFTWORKERS LOCAL 1 OF PA/DE PENSION FUND | :<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:   Case No.<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>: |

| | |
|---|---|
| 2704 Black Lake Place | : |
| Philadelphia, PA 19154 | : |
| | : |
| and | : |
| | : |
| TRUSTEES OF BRICKLAYER & TROWEL | : |
| TRADES INTERNATIONAL PENSION FUND | : |
| 620 F Street, N.W., Suite 700 | : |
| Washington, D.C.  20004 | : |
| | : |
|       Plaintiffs | : |
| | : |
|    v. | : |
| | : |
| R&M MASONRY CONTRACTORS, INC. | : |
| 820 Fox Chase Rd. Suite 2 | : |
| Rockledge, PA 19046 | : |
| | : |
| and | : |
| | : |
| RICHARD LEE, Individually & As President & | : |
| Treasurer of R&M MASONRY CONTRACTORS, INC. | : |
| 820 Fox Chase Rd. Suite 2 | : |
| Rockledge, PA 19046 | : |
|       Defendants. | : |

## **COMPLAINT**

## **PARTIES**

1. Plaintiff Bricklayers and Allied Craftworkers Local 1 of PA/DE ("BAC Local 1") is a labor organization within the meaning of § 2(5) of the National Labor Relations Act, 29 U.S.C. § 152(5) and § 301(a) of the Labor-Management Relations Act (LMRA), 29 U.S.C. § 185(a); and an employee organization within the meaning of § 3(4) of ERISA, 29 U.S.C. § 1002(4), with its principal office at 2706 Black Lake Place, Philadelphia, PA 19154.

2. Plaintiffs the Board of Trustees of the Bricklayers and Allied Craftworkers Local 1 of PA/DE Health and Welfare, Joint Apprentice and Training, Annuity, Vacation, and Pension Funds (collectively "Local Trust Funds"); and the Board of the Trustees of the Bricklayer and

2

Trowel Trades International Pension Fund ("International Trust Fund") are multiemployer benefit plans as that term is defines in Section 3(3) and 3(37) of ERISA, 29 U.S.C. § 1002(3) and (37). The Local Trust Funds and International Trust Funds are established and maintained according to the provisions of Agreements and Declarations of Trust, and are provided for in the Collective Bargaining Agreement between the Bricklayers and Allied Craftworkers Local 1 of PA/DE and the Defendants. The Local Trust Funds are administered by the Trustees of the Local 1 Health & Welfare, Annuity and Vacation Funds, 2704 Black Lake Place, Philadelphia, PA 19154; and the Trustees of the Local 1 of PA/DE Joint Apprentice and Training Fund, 2704 Black Lake Place, Philadelphia, PA 19154; and the Trustees of Bricklayers and Allied Craftworkers Local 1 Pension Fund, 2704 Black Lake Place, Philadelphia, PA 19154. The International Trust Fund is administered by the Trustees of the Bricklayer and Trowel Trades International Pension Fund, 620 F Street, N.W., Suite 700, Washington, D.C. 20004.

3.  Defendant R&M Masonry Contractors, Inc. ("R&M") is a corporation organized and existing under the laws of the Commonwealth of Pennsylvania with its principal place of business located at 820 Fox Chase Rd. Suite 2, Rockledge, Pennsylvania 19046. R&M is an employer within the meaning of § 2(2) of the National Labor Relations Act, 29 U.S.C. § 152(2) and § 301(a) of the Labor Management Relations Act, 29 U.S.C. § 185(a). R&M is also an employer within the meaning of § 3(5) of ERISA 29 U.S.C. § 1002(5) and within the meaning of § 515 of ERISA, 29 U.S.C. § 1145.

4.  Defendant Richard Lee is an adult citizen residing in the Commonwealth of Pennsylvania. This Complaint is brought against Richard Lee in his individual capacity as well as in his capacity as President and Treasurer of R&M. Upon information and belief, it is alleged that Richard Lee exercises control and discretion over the payroll of R&M, including any and all

3

decisions regarding the collection and disbursement of any payroll deductions required under the collective bargaining agreement ("CBA"), Trust Documents, or as authorized by the employees of R&M. As such, Richard Lee is a fiduciary to the BAC Local 1, Local Benefit Funds, and International Funds as defined in ERISA § 3(21)(A), 29 U.S.C.A. § 1002(21)(A).

## JURISDICTION AND VENUE

5. This Court has jurisdiction of this action under Sections 202, 502, and 515 of the Employee Retirement Income Security Act of 1974 (as amended) ("ERISA"), 29 U.S.C. §§ 1104, 1109, 1132 and 1145, and under Section 301(a) of the Labor-Management Relations Act ("LMRA"), 29 U.S.C. § 185(a). This is an action to enforce Defendants' contractual obligation to submit benefit payments and dues deductions pursuant to its Collective Bargaining Agreement ("CBA"), and to enjoin the violations of the terms of the Bricklayers and Allied Craftworkers Local 1 of PA/DE funds.

6. Plaintiff also invokes the jurisdiction of the Court for its state law claims under §1367 of the U.S. Code, which provides a District Court with supplemental jurisdiction over all claims that form part of the same case or controversy over which the Court has original jurisdiction. 28 U.S.C. § 1367(a).

7. Venue in the United States District Court for the Eastern District of Pennsylvania is proper pursuant to § 301(c) of the LMRA, 29 U.S.C. § 185(c), and § 502(e)(2) of ERISA, 29 U.S.C. § 1132(e)(2) since the Plaintiffs reside and maintain their administrative offices in the Eastern District of Pennsylvania.

## COUNT I
### BREACH OF CONTRACT UNDER SECTION 301
### OF THE LABOR MANAGEMENT RELATIONS ACT
### AGAINST R&M MASONRY CONTRACTORS, INC. and RICHARD LEE

4

8. R&M, through its owner and officer of the business, Richard Lee, executed a Collective Bargaining Agreement with the BAC Local 1 establishing the terms and conditions of employment for all covered craftworkers employed by R&M.

9. Pursuant to its Collective Bargaining Agreement, R&M agreed to pay to BAC Local 1, the Local Benefit Funds and International Funds certain sums of money for each hour worked by all employees of Defendant covered by the Collective Bargaining Agreement.

10. The Collective Bargaining Agreement provides that upon signing the Collective Bargaining Agreement:

> (Art. 5, Sec. B, Para. 1)
> The Trust Agreements establishing each of the Funds mentioned in Schedule "A" are made part of this Agreement, and each shall be binding on each Employer. It is further understood and agreed that the administration of the Funds will be under the exclusive control of the respective Funds.
> The Employer agrees to contribute to all jointly administered benefit funds including, as more fully set forth herein, in Schedule "A", and in each part of this Agreement applicable to a particular craft, such contributions as are required under this Agreement. Contributions shall be remitted and received at the Fund Office (Local and International), along with Employer Contribution Reports, not later than the 15th day of the month following the month in which the work was performed. Employer agrees to pay by electronic remittance and/or ACH debit transfer. Title to all the monies paid into and/or due and owing to the Funds set forth in Schedule "A" shall vest in and remain exclusively in the Trustees of the Funds, respectively.

11. The Collective Bargaining Agreement further provides:

> (Art. 5, Sec. B, Para. 8)
> In the event that an Employer fails to remit contributions when due, the Employer shall be assessed and required to pay interest at the rate of 12% per annum plus liquidated damages in the amount of 10% of the delinquent principal amount due. In the event that delinquent contributions are referred to an attorney for collection,

the Employer shall also be assessed and required to pay all attorney's fees and costs of collection.

12. The Collective Bargaining Agreement also provides:

(Art. 5, Sec. B, Para. 9)
The Employer agrees to be bound by the Trust and Plan Documents of each Fund into which the Employer is required to make contributions and further agrees to be bound by all policies and rules promulgated by the Trustees of such Funds. The Employer hereby irrevocably designates the Board of Trustees of the Funds as its representatives on each Fund.

13. R&M employed certain employees covered by the Collective Bargaining Agreement from the period of November 1, 2018 through the present. In addition to the fund benefit provision, the Collective Bargaining Agreement in Article 4 contains a Union Security Clause and Dues Check-off. It provides:

(Art. 4, Sec. B, C, E; Art. 5, Sec. A, Para. 1)
**Dues Check-off:** The Employer shall deduct from the wages of all Employees, within the jurisdiction of the Union, who are covered by this Agreement and who have signed and delivered to the Employer, proper legal authorizations for such deduction…

**International Union Dues Check-off:** The Employer shall also deduct an amount specified in Schedule "A", from the wages of each employee who has signed a Check-off Authorization Form…

The sums set forth in Sections B, C, and D above shall be deducted and remitted, along with the required Contribution Reports, no later than the fifteenth (15) day of each month.

The failure to pay wages when due, including the timely remittance of Union dues and per capita charges, shall result in the imposition of interest and liquidated damages as set forth in Section (B) (8) below.

14. Through the Collective Bargaining Agreement, R&M is also bound to the Agreements and Declarations of Trust (hereafter "Trust Agreements"), and the Statement of Policy for Collection of Delinquent Contributions (hereafter "Statement of Policy") of the BAC Local 1 and Local Funds.

6

The Trust Agreements provide that all employers who become party to the Collective Bargaining Agreement and Declaration of Trust agree to be bound by the decisions of the Trustees on delinquencies.

15. The Trust Agreements state that if an employer is delinquent on their contributions to the Benefits Plans may seek personal liability against the individual owner(s) or principal(s) of the company. For example, the Health and Welfare Plan states that:

> In any action to recover, compel and enforce the payment of contributions as set forth in Section 7.2, the Trustees shall have the authority and right to seek personal liability against an owner, principal or officer of an Employer for breach of fiduciary duties with respect to the disposition of such contributions as assets of the Fund.

16. The Statement of Policy adopted by the Local Funds' Trustees provides that interest and liquidated damages are assessed on delinquent contribution amounts. Thus, the Statement of Policy establishes that:

> Interest owed by a delinquent employer shall be calculated from the Due Date for the delinquent Contributions, at the rate specified in the collective bargaining agreement. If there is no such rate specified, the rate shall be 12% per annum of the principle amount due . . . Liquidated damages shall be calculated from the Due Date and shall become due and owing on the 20th day of the month in which the contributions are due. The amount of the liquidated damages shall be a flat 10% of the delinquent contributions or $10.00, whichever is greater . . . Attorney's fees shall be assessed against a delinquent employer . . . [and] [a]ll costs actually incurred in court actions for collection of delinquent Contributions or to enforce the Trustee's [sic] right to audit the employer's payroll records shall be assessed against the delinquent employer, including, but not limited to, filing fees for service of process, transcript costs, copying charges, postage, and such other costs as would otherwise be charged to the Board of Trustees.

17. Richard Lee, individually and as president and treasurer, and R&M failed to submit reports and/or remit contributions they were contractually obligated to provide to all Plaintiffs from November 1, 2018 through the present.

7

18.     The BAC Local 1 Collective Bargaining Agreement, and the Agreements and Declarations of Trust establishing the Local Funds and the International Funds provide that an Employer who fails to pay the amounts required by the Collective Bargaining Agreement on time shall be obligated to pay interest at the rate of 12% per annum and liquidated damages of 10% of the principal amount due or late, as well as all necessary costs of collection incurred by the Funds, including, but not limited, to reasonable attorney's fees, audit fees and court costs.  R&M is bound to the terms of the CBA and the Agreements and Declarations of Trust.

19.     Pursuant to the CBA and Statement of Policy, R&M will be assessed interest and liquidated damages for its delinquent principal contributions to BAC Local 1 and the Local Benefit Funds and attorneys' fees and costs.  R&M will be assessed interest and liquidated damages by the International Benefit Funds for delinquent principal contributions.

20.     Pursuant to the CBA and the Declarations of Trust, Richard Lee is personally obligated to the BAC Local 1, Local Funds, and International Funds for interest at the rate of 12% per annum and liquidated damages at the rate of 10% per annum assessed on the delinquent contributions, and interest pursuant to 29 U.S.C. Section 1132(g) from the date of delinquency through the date of payment, and attorney's fees and costs.

<u>**COUNT II**</u>
**BREACH OF CONTRACT AND BREACH OF STATUTORY OBLIGATIONS UNDER SECTION 515 OF ERISA 29 U.S.C. § 1145 AGAINST R&M MASONRY CONTRACTORS, INC. and RICHARD LEE**

21.     BAC Local 1 and the Local and International Funds hereby adopt, incorporate and restate in Count II paragraphs 1 through 20 of Count I.

22.     This Court has jurisdiction of this action under sections 404, 409, 502 and 515 of ERISA of 1974, 29 U.S.C. Sections 1104, 1109, 1132 and 1145.  This is an action to collect delinquent

contributions and deducted – but unpaid – dues and other voluntary employee deductions from R&M and fiduciary Richard Lee.

23. Defendant Richard Lee determined the total amount of R&M's monthly contributions and retained a portion or all of the employer's payment that should have been sent to the Plaintiffs' Funds on behalf of his employees. Richard Lee also deducted – but did not pay – dues plus other deductions from BAC-1 employees' individual paychecks. Richard Lee chose to use the deducted dues and the monies due the Plaintiffs' Funds for other purposes. Thus, Defendant Richard Lee exercised authority and control over benefit plan assets and is thus a fiduciary as defined by ERISA. 29 U.S.C. § 1002(21).

24. As an owner and officer of R&M, Defendant Richard Lee, voluntarily entered the collective bargaining agreement with the Bricklayers and Allied Craftworkers Local 1 of PA/DE. As such, Defendant Richard Lee intentionally directed deductions from employee paychecks and earned benefits belonging to the Plaintiffs' Funds, which he was obligated to forward to the Plaintiffs' Funds and BAC-1, as stipulated in the collective bargaining agreement, along with the employer portion of the monies due under the contract and the trust agreements for earned benefits. Defendant Richard Lee failed to direct R&M to forward those funds to the Plaintiffs when they came due and owing as plan assets or forward the monies deducted from employees' paychecks.

25. R&M executed a collective bargaining agreement with the Bricklayers & Allied Craftworkers Local 1 of PA/DE. Paragraph B.1 of Article 5 of this collective bargaining agreement provides the following: "Title to all the monies paid into and/or due and owing to the Funds set forth in Schedule "A" shall vest in and remain exclusively in the Trustees of the Funds, respectively."

26.   Pursuant to Section 7.4 of Amendment 2 of the Agreement and Declaration of Trust under which Defendants are bound pursuant to the Collective Bargaining Agreement, personal liability may be sought against "an owner, principal, or officer of an Employer for breach of fiduciary duties with respect to the disposition of such contributions as assets of the Fund."

27.   Upon information and belief, Defendant Richard Lee calculated the amounts owed in contributions using employees work hours and forwarded monthly remittance forms calculating the employer's portion of the monies due to the Plaintiffs Funds, yet failed to remit those amounts to the Plaintiffs' Funds.  Upon information and belief, the benefit monies were deposited into R&M's general accounts and used for his own compensation or other purposes than payment of the employees' benefit contributions or forwarding the voluntary payroll dues and assessments deducted from employees' paychecks.

28.   Upon information and belief, Defendant Richard Lee knew that R&M entered into the collective bargaining agreement with the BAC Local 1 and that contributions deducted directly from the employees' compensation or owed as the employer's benefit contributions obligation had to be forwarded monthly to the Plaintiffs.

29.   The contributions due the Plaintiffs' Funds were plan assets governed by ERISA. 29 C.F.R. §2510.3-102(a).

30.   Defendant Richard Lee failed to remit voluntary payroll deductions and contributions to the Plaintiffs on behalf of his employees in a timely manner after they became due.

31.   The Defendant exercised complete authority or control respecting disposition of plan assets.  Thus, Defendant Richard Lee is a fiduciary under ERISA §3(21)(A) because he "exercised authority or control respecting disposition of plan assets." 29 U.S.C.A. §1002(21)(A).  Accordingly, Defendant Richard Lee has violated his fiduciary duty to the Plaintiffs' Funds based on the fact that

10

he commingled plan assets and employee deductions with R&M's general assets and used those funds to pay other creditors.

## COUNT III
## BREACH OF FIDUCIARY DUTIES UNDER ERISA AS AGAINST RICHARD LEE IN HIS INDIVIDUAL CAPACITY

32. Plaintiffs hereby incorporate by reference paragraphs 1 through 31 of this Complaint as if fully set forth herein.

33. This Court has jurisdiction of this action under sections 404, 409, 502 and 515 of ERISA of 1974, 29 U.S.C. Sections 1104, 1109, 1132 and 1145. This is an action to collect delinquent contributions from Richard Lee, a fiduciary of his employees' unpaid benefit contributions.

34. The Collective Bargaining Agreement between the Plaintiff Union and R&M requires fringe benefit contributions to the Plaintiff Funds to be paid for each hour worked for an employee by the fifteenth (15th) day of the month after the month in which the work was performed.

35. Defendant Richard Lee determined if, and what, amount of R&M's monthly contributions would be paid. He retained a portion or all of the employer's deductions and payment that should have been sent to the Plaintiffs' Funds on behalf of his employees. Richard Lee chose to use the monies due the Plaintiffs' Funds for other purposes. Thus, he exercised authority and control over benefit plan assets and is thus a fiduciary as defined by ERISA. 29 U.S.C. § 1002(21).

36. At all relevant times herein, Defendant Richard Lee served as the President and Treasurer of R&M, and directed the corporation's financial operation and oversaw all other business activities of the corporation including, but not limited to, preparing, reviewing,

authorizing payment and submitting the monthly reports and contributions to the Plaintiff Trust Funds. In this capacity, Defendant Richard Lee exercised control over the disposition of money that became a Plan asset immediately upon the performance of work by Defendant R&M's employees. Upon information and belief, Richard Lee also exercises control and discretion over the payroll of R&M, including any and all decisions regarding the collection and disbursement of any payroll deductions required under the CBA, Trust Documents, or as authorized by the employees of R&M. Accordingly, Defendant Richard Lee has at all times herein acted as an employer as defined in Section 2(2) of the National Labor Relations Act, 29 U.S.C. § 152(2), and in § 3(5) of ERISA, 29 U.S.C. § l002(5) and as a fiduciary as that term is defined in § 3(21)(A)(i) and (iii) and § 515 of ERISA, 29 U.S.C. § l002(21)(A)(i) and (iii) and § 1145.

37. Under ERISA, a fiduciary is required to "discharge his duties with respect to a Plan solely in the interest of the Participants and beneficiaries […] for the exclusive purpose of […] providing benefits to [them]." 29 U.S.C. § 1104(a)(1).

38. Because the Defendant willfully and intentionally converted Trust Fund assets contained within his personal accounts and the accounts of R&M for purposes other than the exclusive purpose of providing benefits to the Trust Fund Participants and beneficiaries, Defendant Richard Lee has breached his fiduciary duty.

39. Under ERISA, "any person who is a fiduciary with respect to the Plan who breaches any one of the responsibilities, obligations, or duties imposed upon fiduciaries" is personally liable "to make good to such Plan any losses to the Plan resulting from each such breach, and to restore to the Plan any profits of such fiduciary which have been made through the use of assets of the Plan by the fiduciary […]" 29 U.S.C. § 1109(a).

40. Through his wrongful conduct, Defendant Richard Lee is personally liable for the

amounts owed Plaintiffs, plus interest, liquidated damages, audit costs and attorney's fees owed the Funds as set forth herein.

## COUNT IV
## WAGE THEFT AS AGAINST RICHARD LEE IN HIS INDIVIDUAL AND CORPORATE CAPACITY

41. Plaintiffs hereby incorporate by reference paragraphs 1 through 40 of this Complaint as if fully set forth herein.

42. At all relevant times herein, Defendant Richard Lee exercised full control over the assets of Defendant R&M, including but not limited to, writing checks on the accounts of the Corporation and otherwise controlling the distribution of the Corporation's liquid assets.

43. Defendant Lee failed and refused to deliver the earned principal contributions, payroll dues and assessments that had been deducted from his employees' individual paychecks to the Plaintiffs in a timely manner as required by the Collective bargaining agreements.

44. By willfully failing and refusing to deliver the contributions and deducted payroll contributions to Plaintiffs in a timely manner in accord with the Collective Bargaining Agreement and Trust Documents of the Plaintiff Funds, thereby interfering with and depriving Plaintiffs of the possession and use of the contractually mandated payments and employee benefit contributions to which Plaintiffs were lawfully entitled, Richard Lee has wrongfully converted these funds to his own use and/or the use of Defendant R&M, without the consent of Plaintiffs and without any legal justification whatsoever.

WHEREFORE, based on the facts set forth above, BAC Local 1, the Local Funds and the International Funds request judgment as follows:

Defendants, R&M and Richard Lee are, jointly and severally, liable for the following amounts for delinquent benefit contributions and deducted payroll dues and assessments outstanding:

A. For $160,940.82 in delinquent principal contributions to BAC Local 1 and the Local Benefit Funds for benefits reported, but not paid, between November 1, 2018 and February 28, 2019, plus unreported benefits since March 1, 2019 to the present.

B. For $16,110.86 in delinquent dues and assessments to BAC Local 1 for dues reported, but not paid, between November 1, 2018 and February 28, 2019, plus unreported dues since March 1, 2019 to the present.

C. For $7,810.12 in interest on the delinquent principal contributions to BAC Local 1 and the Local Benefit Funds.

D. For $17,705.17 in liquidated damages on the delinquent principal contributions to BAC Local 1 and the Local Benefit Funds.

E. For $10,447.69 in delinquent principal contributions to the International Benefit Funds.

F. For $809.03 in interest on the delinquent principal contributions to the International Benefit Funds.

G. For $2,089.54 in liquidated damages for the delinquent principal contributions to the International Benefit Funds.

H. For an Order compelling Defendants to remit required employer contribution reports starting with the work month of March 1, 2019 through the present along with all principal benefit fund contributions, and outstanding dues and assessments deducted from employee paychecks.

I. Plus interest and liquidated damages that continue to accrue, attorneys' fees and costs of suit, and such other and further relief as the Court deems just and proper.

                                                        Respectfully submitted,

DATE: <u>June 21, 2019</u>                     <u>s/ Robert P. Curley</u>
                                                      Robert P. Curley
                                                      Attorney I.D. No. 55760
                                                     **O'DONOGHUE & O'DONOGHUE LLP**
                                                     Constitution Place, Suite 600
                                                     325 Chestnut Street
                                                     Philadelphia, PA  19106
                                                     Telephone (215) 629-4970
                                                     Facsimile (215) 629-4996
                                                     rcurley@odonoghuelaw.com

## **CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing Complaint has been served by certified mail, as required by 502(h) of the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1132(h), on this 21th day of June 2019 on the following:

        Secretary of the Treasury
        15th. and Pennsylvania Ave., N.W.
        Washington, DC 20220
        ATTN:  Employee Plans
                   Internal Revenue Service

        Secretary of Labor
        200 Constitution Avenue, N.W.
        Washington, DC 20210
        ATTN:  Assistant Solicitor
                   For Plan Benefits Security

                                            s/ Robert P. Curley
                                            Robert P. Curley

JS 44 (Rev. 06/17)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.  *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
Bricklayers & Allied Craftworkers Local 1 of PA/DE, et al.

## DEFENDANTS
R&M Masonry Contractors, Inc., et al.

**(b)** County of Residence of First Listed Plaintiff    Philadelphia
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant    Montgomery
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Robert P. Curley, O'Donoghue & O'Donoghue LLP, 325 Chestnut St. Suite 600, Philadelphia, PA 19106
215-629-4970

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1  U.S. Government Plaintiff
- ☒ 3  Federal Question *(U.S. Government Not a Party)*
- ☐ 2  U.S. Government Defendant
- ☐ 4  Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*
Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | | | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 460 Deportation |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | **PERSONAL PROPERTY** | **LABOR** | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 371 Truth in Lending | ☐ 720 Labor/Management Relations | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice | ☐ 380 Other Personal Property Damage | ☐ 740 Railway Labor Act | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 196 Franchise | | ☐ 385 Property Damage Product Liability | ☐ 751 Family and Medical Leave Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| | | | | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| | | | | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | ☐ 895 Freedom of Information Act |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | ☒ 791 Employee Retirement Income Security Act | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 896 Arbitration |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | | |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District *(specify)*
- ☐ 6 Multidistrict Litigation - Transfer
- ☐ 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
29 U.S.C. § 1132, 29 U.S.C. § 1145
Brief description of cause:
To collect amounts due to employee benefit plans.

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.
**DEMAND $**    215,913.00
CHECK YES only if demanded in complaint:
**JURY DEMAND:**   ☐ Yes   ☒ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE _____   DOCKET NUMBER _____

DATE    06/21/2019
SIGNATURE OF ATTORNEY OF RECORD    s/ Robert P. Curley

**FOR OFFICE USE ONLY**

RECEIPT #    AMOUNT    APPLYING IFP    JUDGE    MAG. JUDGE

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

**CASE MANAGEMENT TRACK DESIGNATION FORM**

| | | |
|---|---|---|
| Bricklayers & Allied Craftworkers Local 1 of PA/DE, et al. | : | CIVIL ACTION |
| v. | : | |
| R&M Masonry Contractors, Inc., et al. | : | NO. |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.   ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits.   ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.   ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from exposure to asbestos.   ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court. (See reverse side of this form for a detailed explanation of special management cases.)   ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.   (x)

| June 21, 2019 | Robert P. Curley | Plaintiffs |
|---|---|---|
| **Date** | **Attorney-at-law** | **Attorney for** |
| 215-629-4970 | 215-629-4996 | rcurley@odonoghuelaw.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

(Civ. 660) 10/02

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

**DESIGNATION FORM**
*(to be used by counsel or pro se plaintiff to indicate the category of the case for the purpose of assignment to the appropriate calendar)*

Address of Plaintiff: __2706 Black Lake Place   Philadelphia, PA 19154__

Address of Defendant: __820 Fox Chase Rd. Suite 2   Rockledge, PA 19046__

Place of Accident, Incident or Transaction: __Philadelphia, PA__

---

**RELATED CASE, IF ANY:**

Case Number: _____   Judge: _____   Date Terminated: _____

Civil cases are deemed related when *Yes* is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?   Yes ☐   No ☑

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?   Yes ☐   No ☑

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action of this court?   Yes ☐   No ☑

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?   Yes ☐   No ☑

I certify that, to my knowledge, the within case ☐ is / ☑ is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: __06/21/2019__   __/s Robert P. Curley__   __55760__
           *Attorney-at-Law / Pro Se Plaintiff*   *Attorney I.D. # (if applicable)*

---

**CIVIL:** (Place a √ in one category only)

*A. Federal Question Cases:*

☐ 1. Indemnity Contract, Marine Contract, and All Other Contracts
☐ 2. FELA
☐ 3. Jones Act-Personal Injury
☐ 4. Antitrust
☐ 5. Patent
☐ 6. Labor-Management Relations
☐ 7. Civil Rights
☐ 8. Habeas Corpus
☐ 9. Securities Act(s) Cases
☐ 10. Social Security Review Cases
☑ 11. All other Federal Question Cases
   *(Please specify):* __ERISA__

*B. Diversity Jurisdiction Cases:*

☐ 1. Insurance Contract and Other Contracts
☐ 2. Airplane Personal Injury
☐ 3. Assault, Defamation
☐ 4. Marine Personal Injury
☐ 5. Motor Vehicle Personal Injury
☐ 6. Other Personal Injury *(Please specify):* _____
☐ 7. Products Liability
☐ 8. Products Liability – Asbestos
☐ 9. All other Diversity Cases
   *(Please specify):* _____

---

**ARBITRATION CERTIFICATION**
*(The effect of this certification is to remove the case from eligibility for arbitration.)*

I, __Robert P. Curley__, counsel of record *or* pro se plaintiff, do hereby certify:

☑ Pursuant to Local Civil Rule 53.2, § 3(c) (2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs:

☐ Relief other than monetary damages is sought.

DATE: __06/21/2019__   __/s Robert P. Curley__   __55760__
           *Attorney-at-Law / Pro Se Plaintiff*   *Attorney I.D. # (if applicable)*

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

*Civ. 609 (5/2018)*